FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2010 APR 19   A 10: 24

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEP____

| | | |
|---|---|---|
| **DEMETRIUS C. NICKENS** | * | |
| **Plaintiff** | * | |
| **v.** | * | Civil Action No. ____ **L1 0 CV   956** |
| **PUBLIC STORAGE, et al.** | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT PUBLIC STORAGE'S NOTICE OF REMOVAL

Defendant Public Storage ("Public Storage"), by counsel, Jonathan P. Kagan, Jeffrey P. Bowman and Baldwin, Kagan & Gormley, LLC, pursuant to 28 U.S.C. §§ 1441, 1446, files this Notice of Removal of this action from the District Court for Baltimore City to the United States District Court for the District of Maryland.  In support thereof, Defendant states as follows:

1.      Public Storage is named as a defendant in an action styled *Demetrius C. Nickens v. Public Storage, et al.*, Case No. 0101-0008204-2010. Public Storage was served with the Complaint instituting this action on March 30, 2010.  The Complaint alleges violations of two federal statutes, 15 U.S.C. § 1692 and 15 U.S.C. § 1681.  (Statutes respectively referred to as the "Fair Credit Reporting Act" or "FCRA" and the "Fair Debt Collection Practices Act" or "FDCPA").

2.     In the Complaint filed in the District Court for Baltimore City, Plaintiff states that "Jurisdiction…arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and… 28 U.S.C. § 1367." (*See* Compl., ¶ 2).   Plaintiff and Public Storage agree that jurisdiction is appropriate in the United States District Court for the District of Maryland.

3.     This is a civil action over which the District Courts of the United States have original jurisdiction based on 28 U.S.C. §§ 1331 and 1441(b), because the claims involve federal questions of law.

4.     Pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441, *et seq.*, Public Storage has the right to remove this action from the District Court for Baltimore City to the United States District Court for the District of Maryland.

5.     Public Storage was served on March 30, 2010.   This Notice of Removal is timely in that it is filed within 30 days after Public Storage was served with the action.

6.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Public Storage are attached to this Notice of Removal as Exhibit A.

7.     Pursuant to 28 U.S.C. § 1446(b), Public Storage will give notice promptly upon filing this Notice of Removal, to all parties of record and to the Clerk of the District Court for Baltimore City.   A copy of this notice is attached as Exhibit B.

WHEREFORE, please take notice that this action should proceed in the United States District Court for the District of Maryland as an action properly removed thereto pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

Dated: April 16, 2010

Jonathan P. Kagan
Federal Bar No. 23181
jkagan@bkglawfirm.com

Jeffrey P. Bowman
Federal Bar No. 28940
jbowman@bkglawfirm.com

BALDWIN, KAGAN & GORMLEY, LLC
112 West Street
Annapolis, MD 21401
410-974-9200
410-974-9241 (Facsimile)

Counsel for Defendant,
Public Storage

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April, 2010, a true and accurate copy of the foregoing Defendant's Notice of Removal was mailed first-class, postage prepaid, to:

Demetrius Nickens, *Pro Se*
3409 Northway Drive
Parkville, Maryland 21234

AFNI, Inc.
c/o Corporation Trust
32 South Street
Baltimore, MD 21202

Jeffrey P. Bowman