**DISTRICT COURT OF MARYLAND FOR** Baltimore City

LOCATED AT (COURT ADDRESS)
501 E Fayette Street
Baltimore, Maryland 21202

**COMPLAINT** ☐ $5,000 or under ☐ over $5,000 ☒ over $10,000
Clerk: Please docket this case in an action of ☐ contract ☒ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are:

**SEE ATTACHED COMPLAINT**

CASE NO.
CV

**PARTIES**

Plaintiff
Demetrius Nickens
3409 Northway Drive
Parkville, Maryland 21234

VS.

Defendant(s):
1. Public Storage
   Serve: Corporation Trust
   351 West Camden Street
   Baltimore, MD 21201

   Serve by:
   ☐ Certified Mail
   ☒ Private Process
   ☐ Constable
   ☐ Sheriff

2. AFNI, Inc.
   Serve: Corporation Trust
   32 South Street
   Baltimore, Maryland 21202

   Serve by:
   ☐ Certified Mail
   ☒ Private Process
   ☐ Constable
   ☐ Sheriff

3.

   Serve by:
   ☐ Certified Mail
   ☒ Private Process
   ☐ Constable
   ☐ Sheriff

4.

   Serve by:
   ☐ Certified Mail
   ☐ Private Process
   ☐ Constable
   ☐ Sheriff

(See Continuation Sheet)
☒ Legal
☐ Contractual _____ %

The Plaintiff claims:
☒ $ 15,000.00 plus interest of $ _____ and attorney's fees of $ _____ plus court costs.
☐ Return of the property and damages of $ _____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code

**ATTORNEYS**
For Plaintiff - Name, Address, Telephone Number & Code
Demetrius Nickens (PRO-SE)
3409 Northway Drive
Parkville, Maryland 21234

Telephone Number: 443-221-5856

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☒ Other written document ☒ Copies of Correspondence _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☒ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters. ☒ The Defendant(s) ☐ is/are in the military service ☒ is/are not in the military service and the facts supporting this statement are: _____

☐ I am unable to determine whether or not any Defendant is in military service.

Date: 3/16/2010

Signature of Affiant

DC/CV 1 (front) (Rev. 8/2008)

## NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

## NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—

1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.
2. TRANSCRIPT COSTS—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

**Another option** after an adverse judgment is to file a MOTION FOR A NEW TRIAL.
1. 10 DAYS—You have 10 days from day of judgment to do this.
2. GRANT/DENY—If the Court grants your motion, you will receive a summons to a new trial.

**The last options** are to file MOTIONS to change the JUDGMENT.
1. 10 DAYS for ALTERING or AMENDING the judgment.
2. 30 DAYS for REVISING the judgment.

**If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include —**
1. INTERROGATORIES—This is an attempt to locate any assets you may have. This requires written answers.
2. ORAL EXAMINATION—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions. The Court backs up these plaintiff attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—
3. WRIT OF EXECUTION—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees, auctioneer's fees, advertising costs). Some of your goods are, by their nature, exempt from such action—
   (a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
   (b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
   (c) Professionally prescribed health aids for you or any of your dependents.
   (d) Your interest, not to exceed $1,000 in value, in household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal family or household use by you or your dependents.
   (e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.
4. GARNISHMENT OF PROPERTY—Such a writ, attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.
5. GARNISHMENT OF WAGES—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished.
   Exemptions from garnishment—
   (1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due;
   AND (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available. Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law. Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.

To Plaintiff: If the Court enters a judgment for a sum certain, you have a right to obtain a lien on real property.

DC/CV 1 (back) (Rev. 8/2008)

# IN THE DISTRICT COURT OF MARYLAND FOR BALTIMORE CITY

```
*   *   *   *   *   *   *
DEMETRIUS C. NICKENS
3409 Northway Drive                      *
Parkville, Maryland 21234
        Plaintiff                        *

Vs.                                      *

PUBLIC STORAGE                           *    Civil Action No.:_____
S/o Corporation Trust
351 West Camden Street                   *
Baltimore, Maryland 21201
                                         *
And
                                         *
AFNI, INC.
R/A The Corporation Trust                *
32 South Street                          *
Baltimore, MD 21202
        Defendant(s)                     *

*   *   *   *   *   *   *   *   *   *   *   *
```

## COMPLAINT AND PRAYER OF JURY TRIAL

Demetrius Nickens, Plaintiff, in **PROPER PERSON**, and files this Complaint against Public Storage, Inc., and AFNI, Inc, herein referred to as the "Defendants" and on the ground set forth herein allege:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") and the Maryland Debt Collection Practices Act, Md. Code Ann., Com Law § 14-201 *et seq.* (hereinafter, "state Act) and for violations of the Maryland Consumer Protection Act, MD. Code Ann, Comm. Law §13-101 *et seq;* and for the Defamation of Plaintiff's character.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Demetrius C. Nickens, is a natural person residing in Parkville Maryland and is a "consumer" as the term is defined by the FDCPA, 15 U.S.C. 1692a(3). Plaintiff is also a person as the term is defined by the Maryland Debt Act, Md. Code. Ann. Com. Law 14-201(d).

4. Defendant, Public Storage, Inc, is a California Corporation, merged with Public Storage a Maryland Real Estate Investment Trust is engaged in the business of renting storage spaces in this state with its principal place of business located at 351 West Camden Street, Baltimore, Maryland 21201. Defendant, Public Storage, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Public Storage is also a "person" and a "collector" as those terms are defined by the Maryland Debt Act, Md. Code Ann. Com. Law 14-201(d) and 14-201(b), respectfully.

5. Defendant, AFNI, Inc is Illinois Corporation who conducts business in Maryland as a Debt Collector. AFNI is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant AFNI is also a "person" and a "collector" as those terms are defined by the Maryland Debt Act, Md. Code Ann. Com. Law 14-201(d) and 14-201(b), respectfully.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about February 12, 2010, Plaintiff obtained a copy of his consumer credit report.

8. Plaintiff noticed that the Defendant AFNI was reporting a disputed debt for Defendant Public Storage, Inc.

9. Plaintiff opened a dispute with the credit bureau advising that the information being reported by the Defendants were erroneous.

10. Subsequently, Plaintiff received an updated copy of his credit report on or around March 11, 2010, and it reflected that Defendant had not removed the inaccurate information.

11. Moreover, Defendants knew or had good reason to know that the debt they were reporting to the credit bureaus was erroneous. Specifically, Plaintiff faxed and sent the Defendant Public Storage a notice advising the nature of the dispute on August 23, 2009. (Exhibit A)

12. Instead of resolving Plaintiff's concerns, Defendant Public Storage forwarded the matter to AFNI who knew or should have reason to know that the debt was disputed and for good reason.

13. Defendants, actions is this matter is contrary to the administration of justice and highly reprehensible.

14. As a result of the acts and misrepresentations by the Defendants, Plaintiff has suffered actual damages and is also entitled to statutory damages.

## COUNT I- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692

15. Plaintiff repeats and realleges and incorporates by reference paragraphs one through nine above.

16. Pursuant to 15 U.S.C. 1692 of the FDCPA, the Defendants actions in violating the Fair Debt Collections Practice Act entitle the Plaintiff to recovery of damages.

17. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages,[nn]17@ statutory damages,[nn]18@ and costs and attorney's fees.[nn]19@

## COUNT II- VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

18. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19. The foregoing acts and misrepresentations of each and every Defendant constitutes numerous and multiple violations of the Maryland Consumer Debt Collection Act, including, but not limited to, Md. Code Ann, Com Law 14-202(6), Md. Code Ann, Com Law 14-202(7) and Md. Code Ann, Com Law 14-202(8).

20. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the above violations of the state Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, pursuant to, Md. Code Ann, Com Law 14-203 and attorney's fees and costs.

## COUNT III- VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

23. The foregoing acts as described above, constitute a violation of Maryland Consumer Protection Act, Md. Code Ann, Com Law 13-301 et seq, as a violation of the Maryland Consumer Debt Collection Act is also a violation of the Maryland Consumer Protection Act as an unfair and deceptive trade practice.

24. As a result of the above violations of the state Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, pursuant to, Md. Code Ann, Com Law 13-408 and attorney's fees and costs

### COUNT IV- DEFAMATION

25. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

26. The Defendants also maliciously and/or willfully defamed the Plaintiff by their continued publication of the erroneous accounts to third parties after they knew or should have known that the accounts were erroneous and not the responsibility of Plaintiff..

27. Plaintiff have been denied credit and commerce due to the negligent reporting.

28. As a result of such defamation, Plaintiff is entitled to actual damages in a amount to be determined at trial from each and every Defendant.

### COUNT V- WILLFULL VIOLATION OF MARYLAND FCRA 14-1208(A)(2)

29. Plaintiff incorporates all paragraphs as if herein restated for reference.

30.　The Defendant's by failing to delete within 7 business days the information from Plaintiff credit report or file violated 14-208(a)(2).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages in the amount of $5,000.00, cost and reasonable attorneys fees.

### COUNT VI- WILLFULL VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. 1681 (FCRA)

31.　Plaintiff incorporates all paragraphs as if herein restated for reference.

32.　Defendants negligently and/or willfully violated 15 U.S.C. 1681(i)(a)(5) by failing to promptly delete the item of information disputed by the consumer from the consumer file.

33.　As a direct and proximate result of the aforementioned negligence Plaintiff has suffered damages.

WHEREFORE, Judgment is prayed in the amount of $1000.00 and such other and further relief as may deemed acceptable to the court pursuant to 15 U.S.C. 1681n..

Respectfully submitted,

Demetrius Nickens
3409 Northway Drive
Parkville, Maryland 21234
443-221-5856
mrnickens808@yahoo.com
Plaintiff/In Pro-Per

### JURY TRIAL PRAYER

Plaintiff Request a Trial By Jury on All Counts Stated in the Complaint

Demetrius Nickens

# Notification of Stay of Proceedings Under 50 U.S.C. App. § 521 & § 522
## (applies to DC/CV 1 and DC/CV 5)

The Servicemembers Civil Relief Act, as codified at 50 U.S.C. App. § 521 & § 522, rewrites and amends the Soldiers' and Sailors' Civil Relief Act of 1940. The Servicemembers Relief Act 50 U.S.C. App. § 521 applies to setting aside or vacating default judgments in which the plaintiff or defendant is in military service or is within 60 days after termination of or release from military service and has received notice of the action or proceeding.

The Servicemembers Relief Act 50 U.S.C. App. § 522 applies to any stage before final judgment in a civil action or proceeding in which a servicemember as described above is a party at the time of filing an application, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the following conditions are met:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

SCRA 2 (11/2005)